Dpt f !4;18.dw.111: 1.MSI .SBN!!!!!Epdvn f ou: !!!!!Gjrhe!1601303118!!!!!Qbhf !2!pg21

| | |
|---|---|
| 1 | BROOKE · SHAW · ZUMPFT |
|   | T. SCOTT BROOKE, SBN 0159 |
| 2 | brooke@brooke-shaw.com |
|   | 1590 Fourth Street, Suite 100 |
| 3 | Minden, NV 89423 |
|   | Telephone:    (775) 782-7171 |
| 4 | Facsimile:    (775) 782-3081 |
| 5 | Attorneys for Defendant |
|   | ROSS STORES, INC. |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMBER TOLLEY-MCNERNEY, on behalf of herself and all others similarly situated, | No. 3-07-CV-00090 LRH-(RAM) PUTATIVE CLASS ACTION |
| Plaintiff, | **DEFENDANT ROSS STORES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND SEPARATE DEFENSES** |
| v. | Judge:           Honorable Larry R. Hicks |
| ROSS STORES, INC., | Action Filed:   February 27, 2007 |
|   | Trial Date:     None. |
| Defendant. | |

Defendant ROSS STORES, INC., through its undersigned counsel, as and for its Answer to Plaintiff Amber Tolley-McNerney's ("Plaintiff") Class Action Complaint purporting to allege a violation of 15 U.S.C. §1681 et seq. ("Complaint") state as follows:

**INTRODUCTION**

1.  Defendant admits that Congress passed and the President signed FACTA in 2003 to assist in the prevention of identity theft and credit and debit card fraud. Defendant admits the allegations contained in paragraph 1 of the Complaint. Except as so expressly admitted, paragraph 1 contains insufficient information for Defendant to admit or deny the allegations and on that basis, Defendant denies the remaining allegations contained in paragraph 1 of the Complaint.

2.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint—and on that basis denies each

- 1 -

1 | and every allegation contained therein.

2 | 3. Defendant admits that 15 U.S.C. § 1681c(g) provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." Except as so expressly admitted Defendant denies the remaining allegations of paragraph 3 of the Complaint.

7 | 4. Defendant admits that 15 U.S.C. § 1681(c) provides that the subsection shall become effective "3 years after the date of enactment of this subsection [enacted Dec. 4, 2003], with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is in use before January 1, 2005." Except as so expressly admitted Defendant denies the remaining allegations of paragraph 4 of the Complaint.

12 | 5. Defendant admits that Plaintiff purports to bring this action on behalf of herself and other similarly situated persons pursuant to 15 U.S.C. §§ 1681 et seq. Except as so expressly admitted Defendant denies the remaining allegations of paragraph 5 of the Complaint.

15 | 6. Defendant admits that Plaintiff seeks statutory damages, punitive damages, costs, attorney's fees and a permanent injunction. Defendant further admits that FACTA's provisions are intended to safeguard against identity theft and credit and debit card fraud. Except as so expressly admitted, Defendant denies the remaining allegations of Paragraph 6 of the Complaint.

### JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

20 | 7. Defendant neither admits nor denies the allegations of paragraph 7 of the Complaint as the statements set forth there purport to describe legal conclusions and not facts. Accordingly, Defendant is not required to respond to these conclusions.

23 | 8. Defendant admits that it conducts business in this judicial district. Defendant neither admits nor denies the remaining allegations of paragraph 8 of the Complaint as the statements set forth there purport to describe legal conclusions and not facts. Accordingly, Defendant is not required to respond to these conclusions.

27 | 9. Defendant neither admits nor denies the allegations of paragraph 9 of the Complaint as the statements set forth there purport to describe legal conclusions and not facts.

- 2 -

Dpt f !4;18.dw.111: 1.MSI .SBN!!!!!Epdvn f ou: !!!!!Gjrhe!1601308118!!!!!Qbhf !4!pg21

1  Accordingly, Defendant is not required to respond to these conclusions.

2  10. Defendant admits that Plaintiff purports to allege residency within the jurisdiction
3  of this Court. Defendant neither admits nor denies the remaining allegations of paragraph 10 of
4  the Complaint as these statements purport to describe legal conclusions and not facts.
5  Accordingly, Defendant is not required to respond to these conclusions.

## PARTIES

7  11. Defendant admits that Plaintiff purports to allege residency within the jurisdiction
8  of this Court. Express as so expressly admitted, Defendant denies the remaining allegations
9  contained in paragraph 11 of the Complaint.

10  12. Defendant admits that it is a Delaware corporation with headquarters in
11  Pleasanton, California. Defendant admits that, as of February 3, 2006, it (including through its
12  subsidiaries) operated approximately 771 ROSS DRESS FOR LESS®stores in the United States.
13  Defendant admits that, in Fiscal Year 2005, as set forth in its financial statements (and
14  consolidated statement of earnings), the total sales minus the cost of goods sold approximated
15  $1.1 billion. Except as so expressly admitted, Defendant denies the remaining allegations of
16  Paragraph 12 of the Complaint.

17  13. Defendant neither admits nor denies the allegations of paragraph 13 of the
18  Complaint as the statements set forth there purport to describe legal conclusions and not facts.
19  Accordingly, Defendant is not required to respond to these conclusions.

## CLASS ALLEGATIONS

14. Defendant admits that Plaintiff purports to bring a class action on behalf of herself
and others similarly situated. Except as so expressly admitted, Defendant denies the remaining
allegations of paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff purports to bring a class action on behalf of others
that Plaintiff has defined as "CLASS A" and "CLASS B." Except as so expressly admitted,
Defendant denies the remaining allegations of paragraph 15 of the Complaint.

16. Defendant neither admits nor denies the allegations of paragraph 16 of the
Complaint as the statements set forth there purport to describe legal conclusions and not facts.

- 3 -

1  Accordingly, Defendant is not required to respond to these conclusions.

2      17.    Defendant neither admits nor denies the allegations of paragraph 17 of the
3  Complaint as the statements set forth there purport to describe legal conclusions and not facts.
4  Accordingly, Defendant is not required to respond to these conclusions.

5      18.    Defendant denies the allegations contained in paragraph 18 of the Complaint.

6      19.    Defendant lacks sufficient information as to the allegations contained in paragraph
7  19 of the Complaint and on that basis denies them.

8      20.    Defendant neither admits nor denies the allegations of paragraph 20 of the
9  Complaint as the statements set forth there purport to describe legal conclusions and not facts.
10 Accordingly, Defendant is not required to respond to these conclusions.

11     21.    Defendant admits that Plaintiff purports to define "CLASS A" and "CLASS B" as
12 customers of Defendant who made a purchase or transacted other business with Defendant at an
13 applicable time on or after December 4, 2004 using a credit card or debit card.  Except as so
14 expressly admitted, Defendant denies the allegations contained in paragraph 21 of the Complaint.

15     22.    Defendant neither admits nor denies the allegations of paragraph 22 of the
16 Complaint as the statements set forth there purport to describe legal conclusions and not facts.
17 Accordingly, Defendant is not required to respond to these conclusions.

18     23.    Defendant neither admits nor denies the allegations of paragraph 23 of the
19 Complaint as the statements set forth there purport to describe legal conclusions and not facts.
20 Accordingly, Defendant is not required to respond to these conclusions.

21     24.    Defendant neither admits nor denies the allegations of paragraph 24 of the
22 Complaint as the statements set forth there purport to describe legal conclusions and not facts.
23 Accordingly, Defendant is not required to respond to these conclusions.

24     25.    Defendant neither admits nor denies the allegations of paragraph 25 of the
25 Complaint as the statements set forth there purport to describe legal conclusions and not facts.
26 Accordingly, Defendant is not required to respond to these conclusions.

27     26.    Defendant neither admits nor denies the allegations of paragraph 26 of the
28 Complaint as the statements set forth there purport to describe legal conclusions and not facts.

1  Accordingly, Defendant is not required to respond to these conclusions.

**FIRST CAUSE OF ACTION**

For Violation of 15 U.S.C. §§ 1681 et seq.

(On Behalf of Plaintiff and the Members of CLASS A and CLASS B, Against all Defendants)

27.  As to paragraph 27 of the Complaint, Defendant repeats and reiterates paragraphs 1 through 26 of its Answer as if fully set forth herein.

28.  Defendant admits that Plaintiff purports to assert this claim on behalf of CLASS A and CLASS B. Except as so expressly admitted, Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.  Defendant admits that 15 U.S.C. § 1681c(g)(1) provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." Except as so expressly admitted, Defendant denies the remaining allegations of paragraph 29 of the Complaint.

30.  Defendant admits that 15 U.S.C. § 1681c(g)(1) became effective on December 4, 2006 with respect to machines that were first put into use after January 1, 2005. Except as so expressly admitted, Defendant denies the remaining allegations of paragraph 30 of the Complaint.

31.  Defendant admits that 15 U.S.C. § 1681c(g)(1) became effective on December 4, 2004 with respect to machines that were in use before January 1, 2005. Except as so expressly admitted, Defendant denies the remaining allegations of paragraph 31 of the Complaint.

32.  Defendant neither admits nor denies the allegation "with persons such as Plaintiff and the members of CLASS A and CLASS B" as the statements set forth legal conclusions and not facts. Accordingly, Defendant is not required to respond to these conclusions. Defendant admits that it (including through its subsidiaries) accepts credit cards and debit cards in the course of transacting business with customers and uses machines that print receipts for credit and debit card transactions. Except as stated above, Defendant denies the allegations contained in paragraph 32 of the Complaint.

| | |
|---|---|
| 1  33. | Defendant denies the allegations contained in paragraph 33 of the Complaint. |
| 2  34. | Defendant denies the allegations contained in paragraph 34 of the Complaint. |
| 3  35. | Defendant denies the allegations contained in paragraph 35 of the Complaint. |

36. Defendant admits that FACTA provided merchants up to three years or December 4, 2006, before it became effective. Except as so expressly admitted, Defendant denies the remaining allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint—and on that basis denies each and every allegation contained therein.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint—and on that basis denies each and every allegation contained therein.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

## SEPARATE AND AFFIRMATIVE DEFENSES

Defendant hereby asserts the following separate or affirmative defenses to Plaintiff's claims for relief.

### FIRST DEFENSE

**(Failure to Allege Facts Constituting a Cause of Action or Claim for Relief)**

Plaintiff's Complaint and each purported cause of action contained therein, fails to allege facts sufficient to constitute a cause of action against Defendant or a claim upon which relief can be granted in that Plaintiff and putative class members have suffered no injury and therefore lack

1  standing to seek relief from Defendant.

## SECOND DEFENSE

### (Failure to Mitigate Damages)

Plaintiff and putative class member have failed to take reasonable steps to mitigate their alleged damages, delayed unreasonably in so doing or have taken steps that have compounded their alleged damages.

## THIRD DEFENSE

### (No Injury or Damages)

Defendant alleges that neither Plaintiff nor any putative class member has suffered injury or damages as a result of any conduct by Defendant.

## FOURTH DEFENSE

### (Equitable Defenses)

Plaintiff and the putative class members are estopped by reason of their own conduct, acts and omissions from recovering on any claim it claims to have against Defendant. Defendant alleges on information and belief that: prior to filing this lawsuit Plaintiff and her counsel knew of the law, and of the fact that Defendant was printing the expiration date on its credit card receipts in alleged violation of the law; rather than inform Defendant of the alleged impropriety of doing so, Plaintiff did nothing in the apparent hope that Defendant would continue to print the expiration date after the alleged effective date of the law; Plaintiff's attorneys filed similar lawsuits in an apparently concerted manner on behalf of other individuals against many other companies, alleging similar violations of 15 U.S.C. §1681c(g); the fact that Plaintiff's attorneys filed so many lawsuits with similar allegations immediately after the alleged effective date of 15 U.S.C. §1681c(g) indicates that Plaintiff's attorneys, and, under information and belief, Plaintiff herself, knew of the alleged import of 15 U.S.C. §1681c(g) prior to its alleged effective date; and rather than inform or warn Defendant of the alleged problem, Plaintiff simply lay in wait, hoping that Defendant would not change its practices prior to the alleged effective date of 15 U.S.C. §1681c(g), thereby inviting the very damages she claims by way of this lawsuit. Defendant further alleges that a reasonable opportunity for investigation or discovery is likely to provide

- 7 -

1 | evidentiary support for the foregoing allegations.

2 | Based on the foregoing, Plaintiff is estopped from seeking damages from Defendant, has unreasonably delayed in seeking remedy for her claimed injury, and has failed to take reasonable steps to avoid injury thus waiving the right to seek recovery from Defendant.

## FIFTH DEFENSE

### (Business Necessity)

Plaintiff's and the putative class members' claims are barred because Defendant's decisions and actions as alleged in the Complaint were made or undertaken out of business necessity and business prerogative, absent any unlawful or improper motives.

## SIXTH DEFENSE

### (Good Faith)

Plaintiff's claims for penalties and/or exemplary damages are barred as Defendant's actions, if any, were undertaken in good faith and without malice.

## SEVENTH DEFENSE

### (Punitive Damages Unconstitutional)

Plaintiff and the putative class members are not entitled to an award of punitive or exemplary damages in this action. Such an award would be an unconstitutional breach of Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution, under *State Farm v. Campbell*, and the safeguards provided under the Constitution of the State of California.

## EIGHTH DEFENSE

### (Insufficient Facts to Support Punitive Damages)

The Complaint, and any purported cause of action alleged therein, fails to state facts sufficient to entitle Plaintiff or any putative class member to an award of punitive damages against Defendant.

/ / / / / /

/ / / / / /

/ / / / / /

- 8 -

DEFENDANT ROSS STORES, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT AND SEPARATE DEFENSES (3-07-CV-00090 LRH-RAM)

1314907.3

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by this action;

2. That judgment be entered in Defendant's favor; and

3. That Defendant recover its costs, as well as its attorneys' fees to the extent allowed under 15 U.S.C. § 1681n(c).

DATED: May 2, 2007                                        BROOKE · SHAW · ZUMPFT

/s/ T. Scott Brooke
T. SCOTT BROOKE, SBN 0159
Attorneys for Defendant
ROSS STORES, INC.

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that I am an employee of BROOKE · SHAW · ZUMPFT and that on 2 May 2007 I caused to be electronically filed a true copy of the **DEFENDANT ROSS STORES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND SEPARATE DEFENSES** with the Clerk of the Court using the CM/ECF system, which will automatically e-serve the same on the attorney(s) of record set forth below:

Mark R. Thierman
Thierman Law Firm
7287 Lakeside Drive
Reno, NV 89511

Dated: 2 May 2007

/s/ Marianne M. Rhoads
_____
Marianne M. Rhoads, CLA